UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| TROY D. LADD, | : Case No. 2:25-cv-947 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Kimberly A. Jolson |
| MAILROOM STOREKEEPER JONATHAN BLACKFORD, *et al.*, | : |
| Defendants. | : |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Pickaway Correctional Institution (PCI), has filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983. (Doc. 1-2). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**I.    LEGAL STANDARD**

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the

purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662. (internal quotation and quotation marks omitted).  In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**II.     COMPLAINT**

Plaintiff brings this action against the following three Defendants:  PCI Mailroom Storekeeper Jonathan Blackford, PCI Inspector Shelley Clemmons, and Perry County, Ohio, Probate Court Judge Luann Cooperrider.  (Doc. 1-2 at 2–3).  Although Plaintiff asserts that all three Defendants violated his constitutional rights, exhibits attached to his Complaint make clear that his claims, at base, stem from challenges to the legal-mail policy of the Ohio Department of Rehabilitation and Correction (ODRC).  (*Id.* at 18).  This policy requires control numbers to be placed on all legal mail.  *See Fishman v. Williams*, No. 14-cv- 4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached

thereto."). Plaintiff's allegations are set forth in the following five claims:

In Claim One, Plaintiff alleges that Defendant Blackford violated the First and Fourteenth Amendments to the United States Constitution by failing to treat certified mail from the Perry County Probate Court as legal mail because it lacked a control number. (Doc. 1-2 at 5). Although Plaintiff's core allegations concern the mishandling of legal mail sent to him by the Probate Court in October 2023 (*id.*), exhibits to Plaintiff's Complaint assert additional incidents of improperly handled legal mail after that time. (*Id.* at 26–27, 31). In regard to the October 2023 incident, Plaintiff alleges that the Defendant Blackford failed to timely deliver him a hearing notice from the Probate Court regarding an adoption proceeding involving his son. (*Id.* at 5–6). He says that Blackford violated ODRC policy requiring mail to be processed within 48 hours, and that he prevented Plaintiff from objecting to the adoption. (*Id.*). Plaintiff also alleges that Blackford misleadingly told him that he notified the Probate Court of the delay on December 8, 2023, but the notification never arrived and, as a result, the Court was unaware that Plaintiff had not received the hearing notice until Plaintiff later sought a new hearing. (*Id.* at 5–7).

In Claim Two, Plaintiff alleges that Defendant Clemmons violated his First and Fourteenth Amendment rights by failing to adequately investigate his grievance concerning Blackford's mishandling of his legal mail and by failing to disclose a December 11, 2023 email from Blackford regarding the letter he allegedly sent to the Probate Court. (*Id.* at 6–7).

In Claim Three, Plaintiff alleges that Clemmons was deliberately indifferent to his rights when she failed to contact the Perry County Probate Court to ensure that Blackford's letter had arrived. (*Id.* at 7). Plaintiff alleges that both Clemmons and Blackford knew or should have known that Plaintiff would rely on representations by them that the letter had been sent. (*Id.*).

In Claim Four, largely duplicative of Claim Three, Plaintiff asserts that Clemmons' and

Blackford's alleged actions violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id*. at 8).

In Claim Five, Plaintiff alleges that Defendant Judge Cooperrider was biased against him due to prior juvenile proceedings in which Plaintiff was a party. (*Id.* at 8–9). Plaintiff asserts that Judge Cooperrider violated his First and Fourteenth Amendment rights by adjudicating the adoption proceeding, notwithstanding this alleged bias, and by "dismiss[ing] the Notice of Appeal" he "incidentally" sent her. (*Id.*). Although not entirely clear from his allegations, it appears that Plaintiff did ultimately appeal from the Probate Court proceedings because he asserts that the "Court of Appeals stood on Defendant Cooperrider's claim that [Plaintiff] failed to contact her and tell her what had taken place." (*Id*. at 9).

With respect to all five claims, Plaintiff indicates that he is proceeding against Defendants in an individual capacity (*id*.) and is seeking both money damages and injunctive relief in the form of a new adoption hearing (*id*. at 10).

## III.   ANALYSIS

Having reviewed the Complaint and without the benefit of briefing by the parties, the Court concludes, in an abundance of caution, that Plaintiff's First and Fourteenth Amendment legal mail and access to the courts claims against Defendant Blackford may proceed at this juncture. *See Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) (noting that "when the incoming mail is 'legal mail,' [the Court has] heightened concern . . . because a prison's security needs do not automatically trump a prisoner's First Amendment right to receive mail, especially correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts"). In so finding, the Court is aware that at least some of Plaintiff's claims against Defendant Blackford may implicate limitations placed on federal courts in child-custody matters. *See, e.g., Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *2 (6th Cir.

4

Jan. 10, 2025) (addressing "domestic relations exception" to federal court jurisdiction); *Pryor v. Hurley*, No. 2:05-cv-936, 2006 WL 2711677, at *3 (S.D. Ohio Sept. 21, 2006) ("[I]t appears that plaintiff's underlying state action related to custody issues of a minor child, a category of action for which the constitutional right of access to the courts offers no protection."). The Court finds, however, that such issues will benefit from being addressed after Defendant Blackford is served and has an opportunity to respond. In this regard, the Court advises Plaintiff that the Court's determination that these claims may proceed for purposes of this preliminary screening does not preclude Defendant Blackford from filing a motion to dismiss, a motion for more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

For the reasons below, however, Plaintiff's Eighth Amendment and ODRC policy violation claims against Defendant Blackford, as well as Plaintiff's claims against Defendants Clemmons and Judge Cooperrider fail to state a claim upon which relief can be granted and should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

A.   **Eighth Amendment Claims against Blackford**

The Court turns first to Plaintiff's Eighth Amendment claims against Defendant Blackford. Plaintiff alleges that Blackford acted with deliberate indifference to his rights in violation of the Eighth Amendment's prohibition against cruel and unusual punishment when he told Plaintiff that he had sent a letter to the Probate Court on Plaintiff's behalf, even though the letter was never received by the Court. (Doc. 1-2 at 6–8).

The Eighth Amendment imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). To establish a violation

5

of his Eighth Amendment rights, Plaintiff must show that Blackford acted with deliberate indifference to those rights. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A claim of deliberate indifference under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff generally satisfies the objective component by alleging that he had a need that was "sufficiently serious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*. The requisite intent must be more than mere negligence. *Id.*

Here, the Complaint contains no allegations from which the Court can plausibly infer that Blackford acted with deliberate indifference towards Plaintiff's rights in his contact with the Probate Court. Plaintiff's assertions that Blackford "purposefully and knowingly lied" to him about sending the letter (Doc. 1-2 at 7) are merely conclusions, which are insufficient to state a claim. *Iqbal*, 556 U.S. at 662. Further, in an exhibit attached to the Complaint, Plaintiff asserts that Blackford "sent in a letter to the courts" but "used [Plaintiff's] son[']s name instead of [Plaintiff's]." (*Id.* at 29). At best, such allegations suggest negligence on Blackford's part, which is insufficient to support an Eighth Amendment claim. *Estelle*, 429 U.S. at 105–06.

Accordingly, Plaintiff's Eighth Amendment claims against Blackford should be **DISMISSED** for failure to state a claim upon which relief can be granted.

  **B.**  **Grievance Procedure and Failure to Investigate Claims against Clemmons**

The Court next addresses Plaintiff's claims against Defendant Clemmons. Plaintiff alleges that Clemmons violated his First, Eighth, and Fourteenth Amendment rights by failing to properly investigate his grievance regarding the handling of his legal mail and by misleading him as to the

6

steps Blackford took to contact the Probate Court regarding the delay in the delivery of his mail. (*Id.* at 6–8). These allegations are insufficient to state a constitutional claim.

Although raised under the First, Eighth, and Fourteenth Amendments, Plaintiff's claims against Clemmons are properly considered under the First Amendment, which guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. A prisoner has the right to file grievances against prison officials. *Heyward v. Cooper*, 88 F.4th 648, 657 (6th Cir. 2023) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). The First Amendment, however, does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Thompson v. Marietta Educ. Ass'n*, 972 F.3d 809, 814 (6th Cir. 2020) (quoting *Smith v. Ark. State Highway Emps., Loc. 1315*, 441 U.S. 463, 464-65 (1979) (per curiam)). In other words, an inmate has neither a constitutionally protected interest in a jail or prison grievance procedure, nor the right to an effective procedure. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting cases).

This means that the failure to investigate another person's alleged improper conduct "do[es] not constitute 'active [un]constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). An official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992). Likewise, a prison official's alleged failure to adequately investigate claims of misconduct does not rise to the level

7

of "encouragement" that would make the official liable for such misconduct. *Id.* (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Plaintiff does not allege any facts to indicate that Clemmons herself actively participated in the delayed delivery of his legal mail. At most, Plaintiff alleges that Clemmons' investigation was ineffective and that she erred in telling Plaintiff that Blackford had contacted the Probate Court about the delay. (*See* Doc. 1-2 at 7–8, 18). But, as the Court earlier found, there are no alleged *facts* supporting an inference that Blackford deliberately failed to notify the Probate Court of the delay. And an inadequate investigation does not give rise to a § 1983 claim. *Mitchell*, 487 F.3d at 378; *Argue*, 80 F. App'x at 430.

Accordingly, Plaintiff's claims against Clemmons should be **DISMISSED** for failure to state a claim upon which relief can be granted.

### C. Judicial Immunity Protections for Judge Cooperrider

Plaintiff's claims against Defendant Judge Cooperrider are considered next. These claims are barred by judicial immunity. Judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id.* at 11–12.

Plaintiff alleges that Defendant Judge Cooperider was biased against him and improperly dismissed an appeal he "incidentally" sent her. (Doc. 1-2 at 8–9). But Judge Cooperrider's alleged conduct was indisputably judicial in nature, and Plaintiff has failed to allege facts plausibly suggesting she acted in the absence of all jurisdiction. Plaintiff's allegations of bias do not change this result. *See, e.g.*, *King v. McCree*, 573 F. App'x 430, 441 (6th Cir. 2014) ("To the extent

8

plaintiff may be alleging bias on the part of defendants that infected the fairness of their rulings and proceedings, plaintiff's allegations of bias or misconduct do not render the actions of defendants non-judicial."); *Mireles*, 502 U.S. at 11 ("[I]immunity applies even when the judge is accused of acting maliciously and corruptly"); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

Accordingly, Plaintiff's claims against Judge Cooperider are barred by judicial immunity and should be **DISMISSED** for failure to state a claim. *See Boddie v. Van Steyn*, No. 2:15-cv-06, 2015 WL 631490, at *1 (S.D. Ohio Feb. 13, 2015) (noting that a claim that is barred by judicial immunity fails to state a claim upon which relief can be granted).

### D. ODRC Policy Violations against Blackford

In addition to his constitutional claims, Plaintiff alleges that Blackford's delay in processing his mail violated ODRC policy. (Doc. 1-2 at 3, 6). Although this allegation may form part of the background for Plaintiff's constitutional claims, a § 1983 claim cannot be based on a violation of prison policy. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate").

Accordingly, Plaintiff ODRC policy violation claims against Blackford should be **DISMISSED** for failure to state a claim upon which relief can be granted.

IV. **CONCLUSION**

In sum, the Complaint (Doc. 1-2) should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** Plaintiff's First and Fourteenth Amendment legal mail and access to the courts claims against Defendant Blackford.

One other issue. The summons form Plaintiff has provided for Defendant Blackford is incomplete in that it fails to include Defendant Blackford's name in the section of the form titled "To: Defendant's name and address." Plaintiff instead includes only the Defendant's address. It is therefore **ORDERED** that Plaintiff, **within thirty (30) days** of the date of this Order, submit to the Court a corrected summons form for Defendant Blackford. **Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution**. Plaintiff, however, need not provide a corrected U.S. Marshal form for this Defendant.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Complaint (Doc. 1-2) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** Plaintiff's First and Fourteenth Amendment legal mail and access to the courts claims against Defendant Blackford.

**IT IS THEREFORE ORDERED THAT:**

1. Within **thirty (30) days** of receipt of this Order, Plaintiff **SHALL** submit a corrected summons form for Defendant Blackford, including his name in the section of the form titled "To: Defendant's name and address."

2. The **Clerk of Court** is **DIRECTED** to provide Plaintiff a blank summons form for this purpose. Upon receipt of the corrected summons form, the Court **ORDERS** service of process by the United States Marshal in this case as directed by Plaintiff.

3. Plaintiff shall serve upon Defendants Blackford or, if an appearance has been entered by counsel, upon his attorney(s), a copy of every further pleading or other document

submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to Defendant Blackford or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


Date: January 7, 2026                                                /s/ Kimberly A. Jolson
                                                                                  KIMBERLY A. JOLSON
                                                                                  UNITED STATES MAGISTRATE JUDGE


**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

11

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).