**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| TROY D. LADD, | : | Case No. 2:25-cv-947 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| MAILROOM STOREKEEPER | : | |
| JONATHAN BLACKFORD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

As a prisoner civil rights case filed *in forma pauperis*, this case was subject to initial screening under the Prison Litigation Reform Act of 1995 ("PLRA").  Upon completion of that initial screening, the Court ordered that Plaintiff could proceed on his First and Fourteenth Amendment legal mail and access to the courts claims against Defendant Mailroom Storekeeper Jonathan Blackford.  (Doc. 4 at 10).  The Court also recommended that Plaintiff's remaining claims, including all claims against Defendants Inspector Shelley Clemmons and Judge Luann Cooperrider, be dismissed for failure to state a claim upon which relief can be granted.  (*Id.* at 5– 10).  In lieu of filing objections to the Court's recommendations, Plaintiff filed the instant Motion to file an Amended Complaint.  (Doc. 8).

Federal Rule of Civil Procedure 15(a) provides that a complaint may be amended once as a matter of course within 21 days of service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the 21-day period has expired, he or she must obtain consent of the opposing party or leave of the Court.  Fed. R. Civ. P. 15(a)(2).  Here, a review of the docket shows that no Defendant has yet to be served in this case and therefore no responsive

pleading has been served.  Thus, Plaintiff's Motion to Amend (Doc. 8) is **GRANTED** as a matter of course.

The Court turns now to Plaintiff's Amended Complaint (Doc. 11), which he corrected after he originally failed to sign it.  The Court is required to screen the Amended Complaint—the operative complaint in this case, *see Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014)—even though it appears that Plaintiff has recently been released from custody.  (Docs. 12; 13).  *See Lopez v. Grand Chute Police Dep't*, No. 20-CV-541, 2020 WL 2473451, at *1 (E.D. Wis. May 12, 2020) (noting that the PLRA applies to cases where the plaintiff was a prisoner when he or she filed the complaint).  The Amended Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(A)(b)(1), (2) & 1915(e)(2)(B)(ii).

In the Amended Complaint, Plaintiff proceeds solely on the First and Fourteenth Amendment legal mail and access to the courts claims against Defendant Blackford that he alleged in his initial Complaint.  (*See* Doc. 11 at 3–5).  At this stage of the proceedings, without the benefit of briefing by the parties, the Undersigned concludes that the Amended Complaint is deserving of further development and may proceed at this juncture.  In so finding, the Court reiterates its prior observation that these claims may implicate limitations placed on federal courts in child-custody matters.  *See, e.g., Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *2 (6th Cir. Jan. 10, 2025) (addressing "domestic relations exception" to federal court jurisdiction); *Pryor v. Hurley*, No. 2:05-cv-936, 2006 WL 2711677, at *3 (S.D. Ohio Sept. 21, 2006) ("[I]t appears that plaintiff's underlying state action related to custody issues of a minor child, a category of action for which the constitutional right of access to the courts offers no protection.").  The Court again finds,

however, that such issues will benefit from being addressed after Defendant Blackford is served and has an opportunity to respond.  In this regard, the Court advises Plaintiff that the Court's determination that these claims may proceed for purposes of this preliminary screening does not preclude Defendant Blackford from filing a motion to dismiss, a motion for more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure.  *See, e.g., Wiley v. Austin*, No. 20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Additionally, because the Amended Complaint drops the claims and individual Defendants that the Undersigned had previously recommended be dismissed (*see* Doc. 11 at 3 (noting the Amended Complaint "stands on claims against . . . Blackford"); *see also* Doc. 5 at 2 (noting Plaintiff's intent to dismiss his claims against Defendants Cooperrider and Clemmons)), the Court **VACATES** its January 7, 2026 Order and Report and Recommendation (Doc. 4) and **RECOMMENDS** that Defendants Clemmons and Cooperrider be terminated from the docket as they are no longer named as parties.

Finally, in the Amended Complaint, Plaintiff refers to grievances he filed at Pickaway Correctional Institution relating to his claims against Defendant Blackford.  (*See* Doc. 11 at 4). Those grievances are not attached to the Amended Complaint but are included as exhibits to Plaintiff's initial Complaint.  (*See* Doc. 3 at 17–31).  Based on Plaintiff's reference to the grievances in his Amended Complaint, the Court understands Plaintiff to have intended that those exhibits be attached to his Amended Complaint.  For purposes of clarity, the **CLERK** is **DIRECTED** to file those exhibits as an attachment to Document 11.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Consistent with Plaintiff's stated intent to drop his claims against Defendants Clemmons and Cooperrider (*see* Doc. 11 at 3; Doc. 5 at 2), these Defendants be **TERMINATED** from the docket of this case.

**IT IS THEREFORE ORDERED THAT:**

1.      The Court's January 7, 2026 Order and Report and Recommendation (Doc. 4) is hereby **VACATED.**

2.      Plaintiff may **PROCEED** at this juncture for further development on the Amended Complaint's First and Fourteenth Amendment legal mail and access to the courts claims against Defendant Blackford.

3.      The **CLERK OF COURT** is **DIRECTED** to file the exhibits from the initial Complaint (Doc. 3 at 17–31) as an attachment to the Amended Complaint (Doc. 11).

4.      The United States Marshal **SHALL** serve a copy of the Amended Complaint, and attached exhibits (Doc. 11), corrected summons (Doc. 6), the separate Order issued granting Plaintiff *in forma pauperis* status (Doc. 2), and this Order and Report and Recommendation upon Defendant Blackford, as directed by Plaintiff.

5.      Plaintiff **SHALL** serve upon Defendant Blackford or, if an appearance has been entered by counsel, upon his attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to Defendant Blackford or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

4

6.      Plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


April 15, 2026                                                    */s/ Kimberly A. Jolson*
                                                                 KIMBERLY A. JOLSON
                                                                 UNITED STATES MAGISTRATE JUDGE


**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5