**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| TROY D. LADD,<br><br>Plaintiff,<br><br>vs.<br><br>MAILROOM STOREKEEPER JONATHAN BLACKFORD, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:25-cv-947<br><br>District Judge Michael H. Watson<br>Magistrate Judge Kimberly A. Jolson |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Defendant Jonathan Blackford's Motion for Judgment on the Pleadings (Doc. 18), and Plaintiff's Motion for Leave to File Untimely Response (Doc. 24). For the following reasons, the Undersigned **RECOMMENDS** the Motion for Judgment on Pleadings be **GRANTED** (Doc. 18). The Court also **GRANTS** Plaintiff's Motion for Leave to File Untimely Response (Doc. 24).

## I. BACKGROUND

Last year, Plaintiff Troy D. Ladd, Jr., an individual formerly in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), filed suit against Pickaway Correctional Institution ("PCI") Officer Mail Room Storekeeper Jonathan Blackford. (Doc. 11). Specifically, Plaintiff claims that Blackford violated his First and Fourteenth Amendment rights under 42 U.S.C. §1983. (Doc. 23 at 1). While Plaintiff's Amended Complaint is a bit sparse on background details, a recent Ohio Court of Appeals opinion helps tell the story, *Ladd v. Strong*, 2025 WL 1601127 (Ohio Ct. App. 2025).

Plaintiff has a biological son. (Doc. 11 at 4). On October 10, 2023, his son's stepfather filed a Petition for Adoption of a Minor in the Perry County Court of Common Pleas, Probate Division. *Ladd*, 2025 WL 1601127, at *1. Under Ohio Rules of Civil Procedure 4.1(A) and 4.2(D), the notice was sent to PCI via certified mail, and it informed Plaintiff that he had 14 days to object to the adoption. *Id.*; (*see also* Doc. 11 at 3). PCI received the notice a few weeks later on October 30 as part of its "regular mail" haul. *Ladd*, 2025 WL 1601127, at *1; (Doc. 11 at 3). But Blackford, who allegedly "personally picked up the official notice from the post office," did not give Plaintiff the letter right away. (Doc. 11 at 3). Plaintiff alleges Blackford did not "provide" it to him until December 4—well after the objection deadline and the same day as the adoption hearing. (*Id.*). The hearing took place as scheduled, and the trial court granted the adoption petition. (*Id.* at 4). Plaintiff alleges that the adoption was granted because of his "failure to reply and be present." (*Id.*).

Plaintiff alleges that, after the fact, Blackford told him that he would "send an official letter to the Judge in the probate Court stating it was not the Plaintiff['s] fault that he had not responded or was present in the hearing." (*Id.*). Plaintiff believed that upon receiving this correspondence, "the Court would [reschedule] the adoption hearing." (*Id.*). Plaintiff charges Blackford with "never sen[ding] the letter." (*Id.*). In May 2024, Plaintiff filed a petition in the state court, essentially asking for the adoption proceeding to be reopened. *Ladd*, 2025 WL 1601127, at *1. The trial court denied his request, and the appellate court affirmed. *Id.* at *3–6.

Now, in federal court, Plaintiff alleges Blackford "prevented access to the Court guaranteed under the 1st and 14th Amendments of the United States Constitution." (Doc. 11 at 3). As relief, he seeks $30,000 in damages and "a new hearing," presumably in the adoption proceedings. (*Id.* at 5). The Court previously permitted Plaintiff to proceed on First and Fourteenth Amendment legal mail and access to court claims against Defendant Blackford. (Doc. 14 at 2).

Following the filing of Plaintiff's Amended Complaint, Defendant Blackford filed a Motion for Judgment on the Pleadings (Doc. 18). Plaintiff asks for permission to file a late response. (Doc. 24). That Motion is **GRANTED**. Consequently, the Motion for Judgment on the Pleadings is fully briefed and ready for consideration. (Docs. 18, 23, 25).

## II. STANDARD

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R.Civ. P. 12(c). "Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-292, 2010 WL 3769136, at *2 (S.D. Ohio Sept. 24, 2010) (citations omitted). In examining a motion for judgment on the pleadings under Rule 12(c), the Court uses the same standard of review applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mixon v. State of Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). Accordingly, the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove so set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). The Court is required to liberally construe Petitioner's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (the allegations of a pro se complaint is to be held to less stringent standards than formal pleadings drafted by lawyers.). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop*, 520 F.3d at 519 (internal quotation marks omitted). Consequently, a complaint that consists of "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

Defendant Blackford submits that he is entitled to judgment as a matter of law on Plaintiff's constitutional claims. He says that Plaintiff's Amended Complaint asks for relief which the Court cannot give, fails to state a claim upon which relief can be granted, and is precluded by the related state court action. (*See generally* Doc. 18). All three arguments have merit.

### A. *Rooker-Feldman*

Plaintiff seeks "relief in the nature of being able to have a new hearing due to the injury caused by the Defendant in this case." (Doc. 11 at 5). The best read of this request is Plaintiff would like this Court to order the Perry County Court of Common Pleas, Probate Division to re-open Plaintiff's son's adoption proceeding. And he wants monetary compensation. At base, this is a request for federal review of a state-court decision.

Under the *Rooker-Feldman* doctrine, federal courts are prohibited "from conducting appellate review of final state-court judgments." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (internal quotation omitted) (noting that such jurisdiction lies only with the United States Supreme Court). The doctrine is implicated "not only when a party attempts to expressly appeal a state court decision to a lower federal court, but also whenever the issues raised in the federal action implicate the validity of the state court proceedings." *Gentry v. Tenn. Bd. of Jud. Conduct*, No. 3:17-cv-00020, 2017 WL 6462348, at *4 (M.D. Tenn. Sept. 26, 2017) (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007)). If the source of the injury alleged in the federal complaint is a state-court judgment, *Rooker-Feldman* bars the claim. *VanderKodde*, 951 F.3d at 402.

Though Plaintiff does not expressly ask this Court to review the state court decision, the source of his alleged injury is the state court's denial of his petition to re-open the adoption proceeding. *See Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (saying courts must examine the relief requested to determine if *Rooker-Feldman* applies). This Court cannot grant the requested relief without examining and rejecting the state court's decision. *Rooker-Feldman* bars this type of review. *See Johnson v. Ohio Sup. Ct.*, 156 F. App'x 779, 782–83 (6th Cir. 2005) (saying federal courts do not have jurisdiction to review state court judgments or hear lawsuits "that are, in substance, appeals from state court judgments"); *Dunina v. Hein*, No. 3:06-cv-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007) (declining to overturn a state court's domestic relations order under *Rooker-Feldman*). Accordingly, this Court lacks jurisdiction. For this reason alone, Plaintiff's Complaint should be dismissed.

**B. Failure to State a Claim**

Next, Defendant argues that Plaintiff fails to state a claim as to both his First and Fourteenth Amendment claims. (Doc. 18). Under 42 U.S.C. 1983, Plaintiff's must present two threshold elements, regardless of which constitutional right is at issue: (1) that there was a deprivation of a right secured by the constitution, and (2) that the deprivation was caused by a person acting under the color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Further, to establish a violation under §1983, a prisoner must allege that the violation was intentional or gross negligence, not merely negligent. *Wojnicz v. Davis*, 80 Fed. App'x 382, 384 (6th Cir. 2003) (quoting *Pink v. Lester*, 52 F.3d. 73, 76–77 (4th Cir. 1995)).

Prisoners have a right to access the courts protected under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 351–54 (1996); *Thomas v. Rochell*, 47 F. App'x 315, 317 (6th Cir. 2002) (citation omitted). The Sixth Circuit has suggested that "hindering the timely sending and receiving of an inmate's legal" mail falls within that Fourteenth Amendment

right. *See Salem v. Warren*, 609 F. App'x 281 (6th Cir. 2015). To state a claim that a state actor violated a plaintiff's right of access to courts, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. S*ee Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993). But the right to access the courts is not unlimited: "[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999); *see also Lewis*, 518 U.S. at 355 ("[T]he injury requirement [of an access to courts claim] is not satisfied by just any type of frustrated legal claim . . . ."). The Supreme Court has held that impairment of litigating in other categories of cases is "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. In other words, "while prisoners enjoy a constitutional right to access to the courts . . . the constitutional right 'is not a generalized right to litigate.'" *Whiteside v. Collins*, No. 2:08-CV-875, 2009 WL 4281443 (S.D. Ohio Nov. 24, 2009), *report and recommendation adopted*, No. 2:08-CV-875, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010), *aff'd* (Apr. 17, 2014).

Here, Plaintiff claims Blackford's actions—including delaying the receipt of Plaintiff's legal mail and not sending a letter to the probate court about the delay—allegedly denied him access to contest an adoption proceeding. (*See generally* Doc. 11). Because an adoption proceeding is not a direct appeal of his criminal sentence, a habeas corpus application, or a civil rights claim, Plaintiff has not alleged the underlying action is the type for which he has a right to access the courts. For this additional reason, Plaintiff's case should be dismissed.

**C. Preclusion**

Alternatively, Blackford argues that Plaintiff's access to courts is precluded by *Ladd v. Strong*. (Doc. 18 at 12–13). Under the Constitution's Full Faith and Credit Clause, and the Full

Faith and Credit Statute, 28 U.S.C. §1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 456 U.S. 75, 81 (1984). When a party relies on a prior state court action as the basis for its res judicata argument, courts "look to the state's law to assess the preclusive effect it would attach to that judgment." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (citations and internal quotations omitted).

In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp*., 862 N.E.2d 803, 806 (Ohio 2007) (citing *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995)). "Issue preclusion . . . serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *O'Nesti*, 862 N.E.2d at 806 (citing *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 692 N.E.2d 140, 144 (Ohio 1998)). It "applies even if the causes of action differ." *O'Nesti*, 862 N.E.2d at 806 (citing *Fort Frye Teachers Assn*., 692 N.E. at 144).

Issue preclusion has four elements under Ohio law:

(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;
(2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
(3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and
(4) The issue must have been identical to the issue involved in the prior suit.

*Bowman v. City of Olmsted Falls,* 756 F. App'x 526, 531 (6th Cir. 2018) (citing *Monahan v. Eagle Picher Indus., Inc.*, 486 N.E2d 1165, 1168 (Ohio Ct. App. 1984).

It is undisputed that Plaintiff raised the issue of his First and Fourteenth Amendment access to court rights before the Ohio Court of Appeals. *Ladd*, 2025 WL 1601127, at *3 ("The appellant argues that because the prison mail room did not provide him with a copy of the Notice of Hearing on Petition for Adoption until December 4, 2023, his access to the court system was denied and the trial court's decision violates his First and Fourteenth Amendment rights."). The court found that the fact that he did not receive the notice until December 4, "does not translate into a denial of access to the court system." *Id.* The court noted that he had "every opportunity to file an objection or other legal document with the trial court within fourteen days from the date he received the Notice," but he did not. *Id.*

Against this backdrop, Plaintiff's claims are precluded. First, the party against whom estoppel is sought (Plaintiff) was the party in the prior action. Second, the state case ended in a final judgment on the merits after a full and fair opportunity to litigate the issue. In particular, the court held that the Plaintiff did not have a right to re-open the adoption proceeding, in part, because he was not denied access to the court system. *Id.* at *6. Third, the issue was actually tried and decided. *Id.* at *3. The court found, as mentioned above, that even though Plaintiff received his notice late, he had "every opportunity to file an objection or other legal document within fourteen days of receiving the note." *Id.* Finally, the issue is identical. In both the state case and here, Plaintiff seeks to redress an access-to-court violation because his mail was delivered late resulting in a contrary judgment in the adoption case. *Id.* As a result, Plaintiff's claims in this Court should be dismissed for this alternative reason.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendant Blackford's Motion for Judgment on the Pleadings. (Doc. 18). The Court also **GRANTS** Plaintiff's Motion for Leave to File Untimely Response. (Doc. 24).

November 24, 2026

*/s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).